# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
In re                                                        :   Chapter 11
:
Dana Corporation, *et al.*,                                  :   Case No. 06-10354 (BRL)
:
                                        Debtors.             :   (Jointly Administered)
:
------------------------------------------------------------ x

### ORDER ESTABLISHING PROCEDURES TO ESTIMATE CLAIMS OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION OF THE DEPARTMENT OF COMMERCE AND THE DEPARTMENT OF THE INTERIOR ACTING THROUGH THE FISH AND WILDLIFE SERVICE (CLAIM NOS. 13321 AND 13796)

This matter coming before the Court on the Motion of Debtors and Debtors in Possession (A) for an Order, Establishing Procedures to Estimate Claims of the United States Environmental Protection Agency, National Oceanic and Atmospheric Administration of the Department of Commerce and the Department of the Interior (Claim Nos. 13321 and 13796) and (B) to Estimate These Claims Pursuant to the Procedures (Docket No. 6112) (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Ad Hoc Committee of Dana Noteholders and the Creditors' Committee having each filed a joinder in support of the Motion (Docket Nos. 6169 and 6172) (collectively, the "Joinders"); the Government having filed an objection to the Motion (Docket No. 6176) (the "Objection"); the Debtors having filed a reply to the Objection (Docket No. 6188) (the "Reply"); the Court having reviewed the Motion, the Joinders, the Objection and the Reply and having considered the statements of counsel at a hearing before the Court (the "Hearing");

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) in light of the circumstances, the requirements of local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is waived and (e) the Claims are unliquidated and contingent claims, the fixing or liquidation of which would unduly delay the administration of these cases; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish grounds for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, and the Objection is OVERRULED.

2. The Estimation Procedures are approved in all respects as set forth herein, and the Claims shall be estimated under the Estimation Procedures, pursuant to section 502(c) of the Bankruptcy Code.

3. The Estimation Procedures shall be as follows:

   (a) The parties shall comply with the following timeline for litigation of the issues raised by the Claim Objection and the estimation of the Claims:

   (i) The Debtors shall serve their initial written discovery requests no later than September 24, 2007.

   (ii) Responses to the Claim Objection shall be filed and served no later than October 12, 2007 at 4:00 p.m.

   (iii) Initial written discovery requests shall be served by all parties no later than October 12, 2007.

   (iv) The parties shall disclose the names of their proposed expert witnesses by October 19, 2007.

   (v) Service of any supplemental written discovery requests shall be completed no later than October 19, 2007.

(vi) All written fact discovery shall be completed no later than <u>November 2, 2007</u>.

(vii) The parties shall serve on each other written disclosures of their proposed witnesses (including experts) no later than <u>November 9, 2007</u>.

(viii) Fact depositions shall be completed no later than <u>November 16, 2007</u>.

(ix) The parties shall serve copies of any expert reports no later than <u>November 30, 2007</u>.

(x) All expert depositions shall be completed no later than <u>December 14, 2007</u>.

(xi) The parties shall file pre-trial memoranda no later than <u>December 21, 2007</u>.

(xii) The parties shall exchange final witness lists and copies of exhibits no later than <u>December 31, 2007</u>.

(xiii) The parties shall file and serve on each other any pre-hearing reply memoranda, any supporting affidavits or declarations, no later than <u>January 4, 2008</u>.

(xiv) The parties shall submit a joint pre-trial order, identifying (A) the issues for trial (either as agreed or otherwise), (B) each party's witnesses and exhibits (pre-marked), (C) any stipulated facts and (D) deposition designations (if any) (the "<u>Joint Pre-Trial Order</u>") no later than <u>January 4, 2008</u>.

(xv) A final pre-trial conference in this matter shall be conducted on <u>January 7, 2008 at 10:00 a.m.</u>, or as otherwise directed by the Court.

(xvi) A final hearing on the Claim Objection and the estimation of the Claims shall be conducted on <u>January 14, 2008 at 10:00 a.m.</u> (the "<u>Final Hearing</u>").

(b) The following additional procedures shall apply to the estimation of the Claims:

(i) To the fullest extent possible, each party shall present its case in chief through written submissions, including affidavits or declarations of witnesses (to be available for cross-examination at the Final Hearing).

  (ii) Live witnesses will be permitted at the Final Hearing, but shall be limited to a set number of witnesses per party, as agreed by the parties and/or as directed by the Court.

  (iii) Each party shall be limited to a set period for its presentation at the Final Hearing, as agreed by the parties and/or as directed by the Court.

  (iv) The parties may present threshold legal issues and *in limine* motions to the Court for determination prior to the Final Hearing. The parties shall follow the Local Rules and Case Management Order as to service of any such motions, such that hearing on any such motions may be had on or before January 7, 2008, or as otherwise directed by the Court.

 (c) Additional procedures to streamline the Final Hearing may be agreed upon by the parties or ordered by the Court.

4. The estimation of the Claims pursuant to the Estimation Procedures shall be a final estimation of the Claims for purposes of allowance, treatment and distributions in these cases.

5. The Parties are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

6. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order. The parties reserve their rights to seek modification, of this schedule from this Court, or from the District Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and/or Rule 7016 of the Federal Rules of Bankruptcy Procedure, in the event that the Government's motion to withdraw the reference is granted.

Dated: New York, New York
   September 25, 2007

            /s/Burton R. Lifland
            UNITED STATES BANKRUPTCY JUDGE