KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer (TM-9357)
P. Bradley O'Neill (PO-5832)
Matthew J. Williams (MW-4081)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Counsel for the Official Committee
of Unsecured Creditors of Dana Corporation, *et al.*
www.danacreditorcommittee.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Dana Corporation, *et al.*,<br><br>    Debtors. | 07 Civ. 8160 (SAS)<br><br>Chapter 11<br><br>Bankr. Case No. 06-10354 (BRL)<br>(Jointly Administered) |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN DEBTORS' OPPOSITION TO MOTION OF UNITED STATES GOVERNMENT FOR WITHDRAWAL OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d)**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (the "Debtors"), by and through its undersigned counsel, hereby joins (the "Joinder") in the Debtors' opposition to the motion of the United States Government[1] for withdrawal of the reference pursuant to 28 U.S.C. § 157(d) (the "Motion"). In support of this Joinder, the Committee respectfully represents as follows:

**Joinder**

1.  The Government seeks withdrawal of the reference as it relates to (i) the Debtors' objection to the Government's environmental claims (designated as Claim Nos. 13321

---

[1] As used herein, "Government" refers, collectively, to the United States Environmental Protection Agency, the National Oceanic and Atmospheric Administration of the United States Department of Commerce and the United States Department of Interior acting through the Fish and Wildlife Service.

and 13796) in these chapter 11 cases (the "Environmental Claims") and (ii) the Debtors' motion for an order establishing procedures to estimate the Government's Environmental Claims. The Environmental Claims – which include contingent and unliquidated claims purportedly totaling in excess of $300 million – are the largest disputed claims asserted against the Debtors' estates. As such, the resolution of the Environmental Claims will have a direct and substantial impact on the timing and amount of creditor recoveries in the bankruptcy cases. The Government asserts that estimation and/or resolution of its Environmental Claims will require substantial and material interpretation of CERCLA and, as a result, withdrawal of the reference is mandatory pursuant to 28 U.S.C. § 157(d). In the alternative, the Government argues, *inter alia*, that its claims are non-core and that this Court should withdraw the reference as a matter of discretion.

2. Based on the arguments set forth in the Debtors' Memorandum of Law in Opposition to the Motion, dated September 28, 2007 (the "Opposition"), which are hereby incorporated by reference in this Joinder as if fully set forth herein, the Motion should be denied in its entirety. Mandatory withdrawal of the reference is plainly unwarranted because resolution of the Government's claims will not involve substantial and material interpretation of non-bankruptcy federal law, but will instead require only the application of established principles of CERCLA to disputed facts. Similarly, permissive withdrawal is not appropriate because this is a core bankruptcy proceeding most efficiently handled by the Bankruptcy Court. Indeed, by filing proofs of claim in these chapter 11 cases, the Government has voluntarily submitted the resolution of the Environmental Claims to the core jurisdiction of the Bankruptcy Court. Furthermore, Judge Lifland is intimately familiar with the Debtors and their operations and is well-equipped to resolve the Environmental Claims in a timely fashion. The best and most

efficient use of judicial resources, therefore, requires that Judge Lifland continue to adjudicate the matter.

### Reservation of Rights

3.    The Committee reserves the right to further address the Motion, other related issues and to respond to the Government, or any other party, either by further submission to this Court or at oral argument.

WHEREFORE, the Committee respectfully request that the Court: (i) deny the Government's Motion in its entirety; and (ii) grant such other and further relief as the Court may deem proper.

Dated: September 28, 2007

                          KRAMER LEVIN NAFTALIS & FRANKEL LLP

                          By: /s/ P. Bradley O'Neill
                          Thomas Moers Mayer (TM-9357)
                          P. Bradley O'Neill (PO-5832)
                          Matthew J. Williams (MW-4081)
                          1177 Avenue of the Americas
                          New York, New York 10036
                          Tel: (212) 715-9100
                          Fax: (212) 715-8000

                          COUNSEL FOR THE OFFICIAL COMMITTEE
                          OF UNSECURED CREDITORS
                          WWW.DANACREDITORCOMMITTEE.COM