

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*

*New York, New York  10007*

October 29, 2007

By Hand

Hon. Shira A. Scheindlin
United States District Judge
United States Courthouse
500 Pearl St., Room 1620
New York, New York 10007

        Re:    In re Dana Corp., 07 Civ. 8160 (SAS), 06-10354 (BRL)

Dear Judge Scheindlin:

      We write pursuant to the Court's invitation at the October 25, 2007 hearing as to the Government's motion to withdraw the reference (the "motion") to submit this supplemental letter-brief.  In particular, we write to address Debtors' claim that the CERCLA issues are "core" proceedings.  In addition, because we did not have an opportunity to consider fully Debtors' suggestion - raised for the first time at the hearing - that the Court grant the motion solely to resolve selected legal issues, this letter explains why that approach would be impractical here.

      We also write to inform the Court that counsel for Debtors advised us immediately after the hearing that, regardless of how Your Honor rules on the Motion, Debtors will shortly ask the Bankruptcy Court to establish a reserve for the Government's claims for purposes of confirming Debtors' plan of reorganization.  To ensure that issues decided by Your Honor are not rendered moot, we request that any withdrawal of the reference apply to <u>all</u> proceedings to estimate or establish a reserve for the Government's claims.

1.      <u>A Proceeding Is Not "Core" Simply Because a Proof of Claim Has Been Filed</u>

      Filing a proof of claim in Bankruptcy Court does not always render resolution of that claim a core proceeding.  (<u>See</u> Tr. at 46).  For example, where a proof of claim is filed "under the compulsion of the bar date, the proof of claim does not necessarily operate to transform a non-core claim into a core claim." <u>In re Northwestern Corp.</u>, 319 B.R. 68, 75 (Bankr. D. Del. 2005), (citing <u>In re Mid-Atlantic Sys., LLC</u>, 304 B.R. 111 (Bankr. D.N.J. 2003) (concluding that filing of proof of claim with reservation of rights does not necessarily transform pre-petition state law claims into core proceedings, particularly where claim was filed on the eve of the bar date).  For example, the "the majority of bankruptcy courts have reasoned that state law, contract-type

actions, . . ., which may literally fall within the broad catch-all language of [28] U.S.C. §§ 157(b)(2)(A) and (O), are non-core, related proceedings.") In re Mid-Atlantic Sys., LLC, 304 B.R. at 124.

Here, like the clams in In re Mid-Atlantic, Sys., the Government's CERCLA claims are only "peripherally related to the bankruptcy proceeding." Id. The Government's claims are unrelated to the vast majority of Debtors' proceedings before the Bankruptcy Court. While we were unable to find a CERCLA case in the non-adversary proceeding context where the court held that the CERCLA issue was non-core, the Government's claims would "exist independent of the Bankruptcy environment," Silverman v. General Ry. Signal Co. (In re LECO Enters, Inc.), 144 B.R. 244, 249 (S.D.N.Y. 1992). In any event, this issue is not relevant to the Government's motion for mandatory withdrawal of the reference. See 28 U.S.C. § 157(d).[1] Moreover, because mandatory withdrawal is required in cases such as the instant matter, the Courts generally do not provide a lengthy analysis of permissive withdrawal with respect to CERCLA issues.

2.  It Would Be Inefficient to Partially Withdraw the Reference

Debtors' suggestion that the Court withdraw the reference solely to decide controlling legal issues while the matter proceeds in Bankruptcy Court would be unworkable and inefficient in this instance for multiple reasons. In addition, it would not be consistent with the procedure followed in In re National Gypsum Co., 139 B.R. 397 (N.D. Tex. 1992).[2]

Unlike In re National Gypsum, there are numerous threshold legal issues that require a material and substantial consideration of CERCLA, as well as several issues that are mixed questions of law and fact that cannot be decided without a complete factual record. Id. at 401 (issues involving only how the Government's claim would be treated in bankruptcy, and whether debtors could be held jointly and severally liable, were based on undisputed facts). That kind of

---

[1]    Moreover, if Debtors file a CERCLA Section 113(f) complaint against the Government for contribution, that adversary proceeding would likely be non-core. See Tr. at 45-46. See also Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc., 107 B.R. 34, 40 (D. Del. 1989) (adversary proceeding based on contract and tort claims involving environmental laws independent of the underlying bankruptcy litigation "is clearly a non-core proceeding"); but see City of New York v. Exxon, 932 F.2d 1020, 1026 (2d Cir. 1991) (holding that CERCLA issue was core, but holding that mandatory withdrawal would not depend on bankruptcy court's core or non-core jurisdiction).

[2]    In any event, In re Nat'l Gypsum does not support Debtors' proposed two-tract approach. There, the court withdrew the reference as to the entire case, and then after deciding legal issues, remanded the entire case back to the Bankruptcy Court. See id. Such an approach may ultimately be possible here, but it is premature to make such a decision until the relevant legal issues have been properly framed and decided.

purely legal analysis is simply not possible here, where the parties are just beginning fact discovery and cannot yet determine which facts can be stipulated to and which will be disputed.

Similarly, the issue of divisibility here is a mixed question of law and fact. As a threshold matter, the Could would have to determine the legal issue of whether the harm is of the type capable of apportionment. See, e.g., United States v. Burlington Northern & Santa Fe Ry. Co., --- F.3d ---, No. 03-17125, 2007 WL 2473236, at *7 (9th Cir. Sept. 4, 2007) (courts must determine "whether the particular harm at issue in the case is theoretically capable of apportionment – i.e., whether it could ever be apportioned or whether it is, by nature, too unified for apportionment"); United States v. Hercules, Inc., 247 F.3d 706, 718-19 (8th Cir. 2001) (same). This inquiry would not only require a material and substantial consideration of CERCLA, but would necessarily entail a presentation of evidence concerning, inter alia, the nature and location of the hazardous substances found at the Superfund site in question, the circumstances under which the substances were released or disposed of there, the roles of potentially responsible parties ("PRPs") with regard to such release or disposal, and the impacts on the environment. At this early stage of discovery, the factual record is in dispute and/or undeveloped. Without the necessary factual record, the Court would be required to rely upon uncertain factual assumptions, or issue advisory opinions based upon multiple hypothetical scenarios. See Burlington Northern, 2007 WL 2473236, at *10-11 (holding that after Court completes initial legal determination, it must properly apportion the harm based on the legal/factual presentation of the evidence).

As to Debtors' argument regarding allocation, the Court must first address another complex mixed question of fact and law: whether the Government may be held liable as an owner, operator, or arranger under CERCLA. See United States v. Shell Oil Co., 294 F.3d 1045, 1056 (9th Cir. 2002) ("There is no bright-line test either in the statute or in the case law, for a broad theory of arranger liability under § 9607(a)(3)"); id. (the court is "required to sort through the fact patterns of the decided cases in order to find similarities and dissimilarities to the fact pattern of our case"). This question cannot be parceled out for a legal determination by the District Court and then a factual determination by the Bankruptcy Court. See, e.g., Coeur D'Alene Tribe v. Asarco Inc., 280 F. Supp. 2d 1094, 1126-27 (D. Idaho 1993) (Government was not an "arranger" of mines during World War II although it threatened to seize the mines and set the price for mined metals during the War); Shell Oil Co., 294 F.3d at 1059-61 (claim for non-benzol-related waste was not allocable when Government was only a consumer, and not a PRP). Moreover, if the Court were to find that the Government was a PRP as an owner, operator or arranger, the Court may have to determine the extent to which Debtors' liability may be offset by the liability of other PRPs applying the "Gore factors," Hercules, 247 F.3d at 718, something that no court in this jurisdiction has had occasion to do in this context.[3]

---

[3] Indeed, there are only three district court cases within this Circuit, which mention the Gore factors. See Chitayat v. Vanderbilt Assocs., No. 03-5314 (DRH) (MLO), 2007 WL 2890248, at *4 (E.D.N.Y. Sept. 27, 2007) (granting motion to preclude expert testimony with respect to Gore factors because such testimony would go to ultimate issues of liability); New

As the Government stated during the hearing, it cannot at this time know all of the legal questions requiring substantial and material consideration of CERCLA. It is likely that discovery will reveal additional legal issues for the Court to adjudicate. For example, with regard to any challenge to EPA's response costs on the basis of inconsistency with the National Contingency Plan, the Court would have to examine Debtors' claim in conjunction with the administrative record, and whether such alleged inconsistencies were of such importance to the response action that the costs incurred would have been significantly different absent the alleged inconsistencies. See 42 U.S.C. § 9613(j); United States v. Hardage, 982 F.2d 1436, 1442-45 (10th Cir. 1992). Similarly, it also may be necessary for this Court to determine to what extent Debtors' may present the "act of God" defense under CERCLA. Debtors cite to only one case from this District in support of that defense. See United States v. Barrier Indus., Inc., 991 F. Supp. 678, 679 (S.D.N.Y. 1998) (holding that nothing before the court "remotely suggested" that the acts in question fell within the CERCLA definition of "act of God").

Finally, a partial withdrawal to adjudicate controlling legal issues would be inefficient. As noted above, these legal issues cannot be briefed until after the close of expert discovery.[4] Further, given that the Court must become familiar with the facts to resolve these legal issues, it would be more efficient for this Court to conduct any estimation hearing. Moreover, given that the Court will inevitably review the Bankruptcy Court's estimation decision on appeal, it would conserve judicial resources for this Court to resolve the matter in the first instance. In sum, the Court should grant the Government's motion to withdraw the reference in its entirety.

3. <u>Any Withdrawal of the Reference Should Apply to All Proceedings Attempting to Estimate or Establish a Reserve for the Government's Claims</u>

According to Debtors' counsel, Debtors will soon ask the Bankruptcy Court to set a reserve for the Government's claims for purposes of plan confirmation, which is scheduled for December 10, 2007. Debtors intend to request that the Bankruptcy Court "cap" the Government's claims – irrespective of whether this Court has withdrawn the reference to estimate the Government's claims or to adjudicate certain controlling issues. Debtors' stated course of action would irreparably harm the Government. Such a cap for purposes of confirmation would likely be based upon a cursory examination of the myriad complex CERCLA

---

York v. Solvent Chem. Co., 214 F.R.D. 106, 108 (W.D.N.Y. 2003) (noting that Courts may apply the Gore factors in resolving contribution claims, and relying on Seventh Circuit precedent to apply those factors); Seneca Meadows, Inc. v. ECI Liquidating, Inc., 427 F. Supp. 2d. 279, 292 (W.D.N.Y. 2006) ("Courts have considered a potpourri of factors in equitably allocating CERCLA response costs among liable parties," including the Gore factors, but also considering a variety of other considerations) (citations omitted).

[4]   As discovery is not set to conclude until February 29, 2007, it not even possible to provide the Court with a complete enumeration of legal issues requiring material and substantial consideration under CERCLA that will be necessary to resolve Debtors' objections.

issues presented here with little supporting evidence. If the Bankruptcy Court were to accept any of Debtors' positions with respect to joint and several liability, divisibility, allocation, proper response costs, or any other potential defenses - issues which this Court may ultimately resolve in the Government's favor - the Bankruptcy Court may establish a reserve that fails to cover the Government's claims.

Furthermore, a confirmation hearing is scheduled to proceed in Bankruptcy Court before Your Honor would have the opportunity to address these significant issues or estimate the Government's claims, and thus potentially moot proceedings before this Court. Accordingly, if Your Honor determines that the reference must or should be withdrawn, the Government respectfully requests that the Court withdraw proceedings to establish a reserve or cap as to the Government's claims, as well as any proceeding to estimate the Government's claims.

* * * * *

Finally, in light of the Court's busy calendar, we are prepared to appear for a settlement conference before Your Honor for the purposes of establishing either an appropriate reserve or an allowed amount for the Government's claims. If the parties do not reach a settlement, the Government is prepared to limit the trial before Your Honor to no more than five days. The Government would also accept the random assignment to another District Court Judge pursuant to the Local Rules for case management. See R. 22 for the Div. of Bus. Among Dist. Judges.

      Respectfully,

      MICHAEL J. GARCIA
      United States Attorney

By:    /s/ Russell M. Yankwitt
      RUSSELL M. YANKWITT
      PIERRE G. ARMAND
      DANIEL P. FILOR
      Assistant United States Attorneys
      Telephone: (212) 637-2745

cc:   By Email and First Class Mail
     Jeffrey B. Ellman, Esq.
     Steven C. Bennett, Esq
     P. Bradley, O' Neill, Esq.