JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball (CB 8203)
Steven C. Bennett (SB 2746)

JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309-3053
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman (JE 5638) (motion for *pro hac vice* admission pending)

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Kevin P. Holewinski (KH 9548) (motion for *pro hac vice* admission pending)

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Stephen Q. Giblin (SG 8875) (motion for *pro hac vice* admission pending)

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
In re                                                        :
:
Dana Corporation, *et al.*,                                  :     07 Civ. 8160 (SAS)
:
Debtors.                                                     :
:
------------------------------------------------------------ x

**SUPPLEMENT TO DEBTORS' OBJECTION TO CLAIMS OF THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY, NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION OF THE DEPARTMENT OF COMMERCE AND
THE DEPARTMENT OF THE INTERIOR ACTING THROUGH THE FISH
AND WILDLIFE SERVICE IN CONNECTION WITH ESTIMATION PROCEEDING**

NYI-4046837v4

Dana Corporation ("Dana") and 40 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), hereby supplement their pending Objection to Claims of the United States Environmental Protection Agency, National Oceanic and Atmospheric Administration of the Department of Commerce and the Department of the Interior Acting Through the Fish and Wildlife Service, filed in the Bankruptcy Court on September 7, 2007 (Bankruptcy Court Docket No. 6128) (the "Claim Objection").[1] In support of this Supplement, the Debtors respectfully state as follows:

### Background

1. By the Claim Objection, pursuant to section 502 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures, the Debtors raised objections to proof of claim numbers 13321 and 13796 (collectively, the "Original Claims").  The Original Claims were filed in the Debtors' chapter 11 cases on behalf of the United States Environmental Protection Agency ("EPA"), the National Oceanic and Atmospheric Administration of the United States Department of Commerce ("DoC") and the United States Department of the Interior ("DoI") acting through the Fish and Wildlife Services (collectively with EPA and DoC, the "Government"), on or about September 21, 2006, in unliquidated amounts against certain of the Debtors.  Although unliquidated, the Original Claims estimated that the Debtors' total liability to the Government would be not less than $330 million with respect to seven "Superfund" sites, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA").

2. By an order entered on September 25, 2007 (Bankruptcy Court Docket No. 6274) (the "Estimation Procedures Order"), the Bankruptcy Court approved certain estimation

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Claim Objection.

procedures for the adjudication of the Claim Objection and the final estimation of the Original Claims pursuant to section 502(c) of the Bankruptcy Code. Paragraph 4 of the Estimation Procedures Order provided that "[t]he estimation of the Claims pursuant to the Estimation Procedures shall be a final estimation of the Claims for purposes of allowance, treatment and distributions in these cases." Since the entry of the Estimation Procedures Order, the parties have been pursing a prompt estimation of the Government's claims. Currently, the discovery process is well underway.

3.  By an Opinion and Order entered on November 20, 2007 (Docket No. 14), this Court withdrew the reference pursuant to 28 U.S.C. § 157(d) with respect to the Claim Objection and the estimation of the Government's claims. See Opinion and Order at 27 ("I am withdrawing the reference to the bankruptcy court of all proceedings relating to the Government's claims, including but not limited to the Claim Objection and the Estimation Motion.").

4.  In the interim, on or about October 25, 2007, the Government filed an Updated Proof of Claim, which was assigned claim number 14958 on the claims docket in the Debtors' chapter 11 cases (the "Updated Claim" and, collectively with the Original Claims, the "Claims").[2] The Updated Claim amends certain of the estimated cost figures in proof of claim no. 13796 (one of the Original Claims) with respect to the West Highway 8 Site in Hastings, Nebraska and the CDE Site in South Plainfield, New Jersey. In particular, the Government states in the Updated Claim that:

> On September 21, 2006, the Government filed its Proof of Claim, numbered 13796 ("2006 Proof of Claim") in this matter. This Updated Proof of Claim updates the amounts of past costs and estimates of future costs, and reflects additional investigation and evaluation that has been conducted since the 2006 Proof of Claim

---

[2]  A copy of the Updated Claim is attached hereto as Exhibit A.

    was filed.  The Updated Proof of Claim updates and supplements the Government's 2006 Proof of Claim with respects to the paragraphs enumerated below and supersedes such paragraphs to the extent inconsistent.  All other provisions are unaffected.

Updated Claim at 2.

  5. With respect to the West Highway 8 Site, the Updated Claim increased the Government's aggregated estimated cost figures from "at least $8,243,000" to "at least $38,665,207."  With respect to the CDE Site, the Updated Claim increased the Government's estimated cost figures as follows:  (a) for OU-1, from $3,500,000 (plus indirect costs)[3] to $5,629,000 ($4,330,000 in direct costs, plus $1,299,000 in indirect costs); (b) for OU-2, from $89,500,000 (plus indirect costs) to $154,730,000 ($119,020,000 in direct costs, plus $35,706,000 in indirect costs); (c) for OU-3, from $25,000,000 (plus indirect costs) to $44,762,900 ($34,433,000 in direct costs, plus $10,329,900 in indirect costs); and (d) for OU-4, from $55,000,000 (plus indirect costs) to $108,222,400 ($83,248,000 in direct costs, plus $24,974,400 in indirect costs).

  6. The Updated Claim, in total, seeks a claim of $360,631,050 for the West Highway 8 Site and the CDE Site.   Including additional amounts asserted for the CDE Site in the Original Claims, the total claim now asserted by the Government with respect to these two sites aggregates approximately $397,600,000.

### Supplement to Claim Objection

  7. The Debtors continue to object to the Original Claims, as supplemented or amended by the Updated Claim.  As such, the Claim Objection is hereby supplemented to the extent necessary to constitute an objection to all of the Government's Claims, including the Updated Claim, and the Debtors incorporate all such objections herein by reference.

---

[3]  The Government's Original Claim also included an aggregate estimate of $50 million for indirect costs, but did not allocate this figure to each of the OU's.

8. The Debtors thus continue to seek the final estimation of all of the Government's Claims, consistent with the Estimation Procedures Order, pursuant to section 502(c) of the Bankruptcy Code. As set forth in the Claim Objection and the Estimation Motion, the Debtors seek a final determination of their total net liability with respect to the sites at issue, taking into account the Government's own contribution and liability with respect to the CDE Site. In particular, as set forth in the Claim Objection, the Government's claim for the CDE Site should be barred, in whole or in part, to the extent that the Government directed and caused the contamination at the CDE Site, 42 U.S.C. § 9707(b), and/or because the ultimate value of the Government's claim should otherwise be reduced to take into account the Government's own liability either for contribution under Section 113 of CERCLA, 42 U.S.C. § 9613, principles of recoupment or otherwise.

### Settlements of Certain Sites

9. The Debtors wish to inform the Court that they have reached settlements in principle with the Government with respect to five of the seven sites identified in the Government's Claims (collectively, the "Settled Sites"). These settlements, subject to other terms and conditions, would result in the allowance of claims for the Settled Sites as follows:

   a. SRSNE Site. With respect to the SRSNE Site in Southington, Connecticut, the Government's asserted estimated claim of $44,400,000 will be reduced and allowed as a general unsecured, nonpriority claim against Debtor Brake Systems, Inc.'s chapter 11 estate in the amount of $18,000.

   b. Tremont City Site. With respect to the Tremont City Site in Tremont City, Ohio, the Government's asserted estimated claim of $8,080,000 will be reduced and allowed as a general unsecured, nonpriority claim against Dana's chapter 11 estate in the amount of $13,080.

   c. Main Street Site. With respect to the Main Street Site in Elkhart, Indiana, the Government's asserted estimated claim of $1,053,735 will be reduced and allowed as a general unsecured, nonpriority claim against Dana's chapter 11 estate in the amount of $265,000.

    d. <u>Lakeland Site</u>. With respect to the Lakeland Site in the City of Claypool, Indiana, the Government's asserted estimated claim of $4,709,000 will be reduced and allowed as a general unsecured, nonpriority claim against Dana's chapter 11 estate in the amount of $410,000.

    e. <u>Muskegon Site</u>. With respect to the Muskegon Site in Muskegon, Michigan, the Government's asserted civil penalty will be accepted and allowed as a general unsecured, nonpriority claim against Dana's chapter 11 estate in the amount of $145,000.

10.     The Debtors and the Government are in the process of documenting the settlements for the Settled Sites. In anticipation of these settlements being completed, the Debtors seek to hold the estimation proceedings relating to the Settled Sites in abeyance at this time. The Debtors reserve the right to seek to renew their request for estimation of the claims relating to the Settled Sites in the event that the anticipated settlements are not consummated for any reason.

## **Plan Reserves**

11.     By an order entered on November 28, 2007 (Bankruptcy Court Docket No. 7236) (the "<u>Plan Reserves Order</u>"),[4] the Bankruptcy Court established certain reserves for Disputed General Unsecured Claims in Class 5B under the Debtors' proposed joint plan of reorganization (the "<u>Plan Reserves</u>"). With the consent of the Government, the Plan Reserves for the Government's Claims were set in an aggregate amount of $398,451,080, consisting of (a) the updated amounts asserted in the Claims with respect to the West Highway 8 Site and the CDE Site, *plus* (b) the settled amounts for the Settled Sites. <u>See</u> Plan Reserve Order, at Exhibit A,

---

[4]     A copy of the Plan Reserve Order is attached hereto as Exhibit B.

p. 3.  The Debtors, with the agreement and consent of the Creditors' Committee, were willing to agree to Plan Reserves in the full amounts currently sought by the Government on the basis that the Claims would be subject to a prompt final estimation.

Dated: December 7, 2007         Respectfully submitted,
   New York, New York

   /s/ Steven C. Bennett
  Corinne Ball (CB 8203)
  Steven C. Bennett (SB 2746)
  JONES DAY
  222 East 41st Street
  New York, New York  10017
  Telephone:  (212) 326-3939
  Facsimile:  (212) 755-7306

  Jeffrey B. Ellman (JE 5638) (motion for admission *pro hac vice* pending)
  JONES DAY
  1420 Peachtree Street, N.E., Suite 800
  Atlanta, Georgia  30309-3053
  Telephone:  (404) 521-3939
  Facsimile:  (404) 581-8330

  Kevin P. Holewinski (KH 9548) (motion for admission *pro hac vice* pending)
  JONES DAY
  51 Louisiana Avenue, N.W.
  Washington, D.C. 20001-2113
  Telephone:  (202) 879-3939
  Facsimile:  (202) 626-1700

  Stephen Q. Giblin (SG 8875) (motion for admission *pro hac vice* pending)
  JONES DAY
  North Point
  901 Lakeside Avenue
  Cleveland, Ohio  44114
  Telephone:  (216) 586-3939
  Facsimile:  (216) 579-0212

  ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Supplement to Debtors' Objection to Claims of the United States Environmental Protection Agency, National Oceanic and Atmospheric Administration of the Department of Commerce and the Department of the Interior Acting Through the Fish and Wildlife Service in Connection With Estimation Proceeding to be served as indicated, this 7th day of December, 2007, upon:

### BY HAND

RUSSELL M. YANKWITT
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007

Counsel for the Government


/s/ Patricia M. Carroll
Patricia M. Carroll