

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

In re                                              :     Chapter 11
                                                   :
                                                   :     Case No. 07 Civ. 8160 (SAS)
Dana Corporation, *et al.*,                        :
                                                   :
                                                   :
                          Debtors.                 :
                                                   :
-------------------------------------------------------------X

### STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS AND THE GOVERNMENT REGARDING EXPERT DISCOVERY

The above captioned debtors and debtors in possession (collectively, the "Debtors") and

the United States Government (the "Government"), by and through their respective attorneys,

enter into this Stipulation and Agreed Order, and state:

WHEREAS, on March 3, 2006 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, the Government filed Claim No. 13321 (dated September 21, 2006) and No.

13796 (dated September 21, 2006) (the "Claims") against the Debtors' Estate.

WHEREAS discovery is ongoing with respect to the Claims; and

WHEREAS the Debtors and the Government wish to enter into an agreement regarding

the conduct of expert discovery with respect to the Claims.

NOW, THEREFORE, in consideration of the foregoing premises and of the mutual

agreements and covenants hereinafter set forth, the Debtors, by and through their undersigned

counsel, and the Government, by and through its undersigned counsel, stipulate and agree as

follows:

NY1-4047221v1

1.      All drafts and pre-final versions of any expert's report shall be outside the scope of expert discovery and shall not be admissible at the trial of this matter and shall not form the basis of inquiry at any depositions in this matter.  For purposes of this agreement, the expert's report is defined as the written report prepared by the testifying expert pursuant to Fed. R. Civ. Pro. 26(a)(2)(B) for purposes of the above-referenced civil action.

2.      "Drafts and pre-final versions" shall be interpreted to encompass the following documents:

a.      Draft or preliminary spreadsheets, tables, or other quantitative analyses, outlines, notes, or preliminary drafts of the expert's report that were created by the expert (or persons employed by or otherwise working for the expert) as part of preparing his/her report, provided that all data upon which such spreadsheets, tables or other quantitative analyses were based are or have been otherwise produced to all other parties;

b.      The substance of comments (both written and verbal) about drafts and pre-final versions of expert reports by an attorney or other representative of a party;

c.      Drafts and pre-final versions exchanged between the expert (or persons employed by or otherwise working for the expert) and another testifying expert.  However, if one testifying expert ("Expert A") relics on a document authored by another testifying expert ("Expert B"), the version of the document relied on is subject to discovery (from Expert A), notwithstanding its status as a "draft" to the authoring expert (Expert B), unless all information considered by Expert A is contained in Expert B's final report.

- 3 -

3.    All communications (including electronic mail) between the expert (or persons employed by or otherwise working for the expert) and counsel for the Party that retained such expert for this litigation shall be outside the scope of expert discovery and shall not be admissible at the trial of this matter, except to the extent such communications were considered by the expert in forming his/her opinions.

4.    The documents and communications protected herein from discovery and use at the trial of this matter shall not be otherwise obtainable by the parties through other means, including, without limitation, statutory information requests or the Freedom of Information Act.

5.    Notwithstanding any of the foregoing, nothing herein shall prevent an attorney from inquiring into the basis of any statement in an expert's final report.

WHEREFORE, the undersigned counsel have executed this Stipulation and Agreed Order on behalf of their respective clients.

NY1-4047221v1

Dated: New York, New York
     January 24, 2008

By: _____

Steven C. Bennett
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-3053
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

Kevin P. Holewinski
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Stephen Q. Giblin
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: _____

Pierre G. Armand
Matthew L. Schwartz
Daniel P. Filor
John D. Clopper
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2724
Facsimile: (212) 637-2730

ATTORNEYS FOR THE GOVERNMENT


SO ORDERED THIS _i_ DAY OF JANUARY, 2008.

_____
HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

- 4 -