

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/12/08

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:   PIERRE G. ARMAND
       MATTHEW L. SCHWARTZ
       DANIEL P. FILOR
       JOHN D. CLOPPER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2724
Facsimile: (212) 637-2730

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
In re                                 :     Case No. 07-8160 (SAS)
                                      :
Dana Corporation, et al.,             :     Jointly Administered Bankruptcy
                                      :     Case No. 06-10354 (BRL)
                  Debtors.            :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND ORDER

WHEREAS, on March 3, 2006, Dana Corporation ("Dana Corp.") and 40 of its

domestic direct and indirect subsidiaries, as debtors and debtors in possession in the above-

captioned cases, filed voluntary petitions for reorganization under chapter 11 of Title 11 of

the United States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code"), and

thereafter, on January 31, 2008, emerged from chapter 11 as reorganized entities, pursuant to the

terms of the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession,

dated October 23, 2007 (Bankr. Ct. Docket No. 6671) (as modified and confirmed, the "Plan").[1]

Dana Corp. and its affiliated debtors prior to emergence from chapter 11 and the Reorganized

Debtors after emergence from chapter 11 are referred to herein collectively as the "Debtors;"

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

WHEREAS, the United States of America (the "United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), the Secretary of the Department of Commerce acting through the National Oceanic and Atmospheric Administration (collectively, "Commerce") and the Secretary of the Department of the Interior acting through the Fish and Wildlife Service (collectively, "Interior"), (a) filed three proofs of claim in the Bankruptcy Court, on or about September 21, 2006, against certain of the Debtors, designated as Claim Numbers 13321, 13322 and 13796; and (b) thereafter, on or about October 25, 2007, filed an Updated Proof of Claim in the Bankruptcy Court, designated as Claim Number 14958 (collectively, the "Proofs of Claim");

WHEREAS, the Proofs of Claim assert, inter alia, certain claims on behalf of EPA (collectively, as described in subparagraphs (a), (b) and (c) below and in the Proofs of Claim, the "EPA Claim") pursuant to:

(a)    the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, et seq., for unreimbursed response costs incurred and to be incurred by the United States, and for civil penalties and punitive damages, totaling at least $419,873,785 with respect to the following Superfund sites:

(1)    the Cornell-Dubilier Electronics, Inc. Superfund Site, located in South Plainfield, New Jersey, including all four designated Operable Units (the "CDE Site");

(2)    the West Highway 6 and Highway 281 Superfund Site, located in Hastings, Nebraska (the "Hastings Site");

-2-

(3)     the Lakeland Landfill Disposal Services, Inc. Superfund Site, located near Claypool, Indiana (the "Lakeland Site");

(4)     the Main Street Well Field Superfund Site, East Side, located in Elkhart, Indiana (the "Main Street Site");

(5)     the Solvents Recovery Service of New England, Inc. Superfund Site, located in Southington, Connecticut (the "SRSNE Site"); and

(6)     the Tremont City Barrel Fill Site, located in Tremont City, Ohio (the "Tremont Site") (the sites described in the foregoing subparagraphs (a)(1) through (a)(6) and as further described in the Proofs of Claim are referred to herein collectively as the "Sites");

(b)     the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, et seq., for the recovery of civil penalties totaling at least $145,000 with respect to violations at Debtor Dana Corp.'s former facility located at 2051 South Harvey Street, Muskegon, Michigan ("Muskegon Facility"); and

(c)     Sections 103(a) and 109 of CERCLA, 42 U.S.C. §§ 9603(a) and 9609, for the recovery of civil penalties totaling at least $24,172 with respect to violations at Debtor Dana Atlantic LLC's former facility located at 1215 Greenwood Street in Bellefontaine, Ohio (the "Bellefontaine Facility");

WHEREAS, the Proofs of Claim further assert claims on behalf of Interior and Commerce for natural resource damages pursuant to CERCLA, 42 U.S.C. §§ 9607(a)(4)(C) and 9607(f), with respect to the CDE Site estimated at between $19 million and $36 million (the "Commerce/Interior Claim");

-3-

WHEREAS, on or about September 21, 2006, the Lakeland Administrative Fund ("Lakeland PRP Group") filed a proof of claim in the Bankruptcy Court, designated as Claim Number 12774, asserting a claim against Dana Corp., pursuant to CERCLA, 42 U.S.C. §§ 9601, et seq., for at least $392,500 for response costs to be incurred by the Lakeland PRP Group at the Lakeland Site (the "Lakeland PRP Group Claim");

WHEREAS, on September 7, 2007, the Debtors filed an Objection to certain of the United States' Proofs of Claim in the Bankruptcy Court (Bankr. Ct. Docket No. 6128), which was supplemented by a filing in this Court on December 7, 2007 (Docket No. 16) (collectively, the "Claim Objection");

WHEREAS, on October 19, 2007, the United States filed in the Bankruptcy Court an opposition to the Claim Objection (Bankr. Ct. Docket No. 6621) (the "Government Response");

WHEREAS, on September 18, 2007, the United States filed a motion in this Court (Docket No. 1) to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d);

WHEREAS, on November 20, 2007, this Court issued an Opinion and Order (Docket No. 14) (the "Withdrawal Order") withdrawing the reference to the Bankruptcy Court of all proceedings relating to the Proofs of Claim, and thus this Court has jurisdiction over the United States' Proofs of Claim, the Lakeland PRP Group Claim and this Stipulation and Order; and

WHEREAS, the parties hereto, without admission of liability by any party or any adjudication on any issue of fact or law, desire to fully and finally settle, compromise and resolve

-4-

the Claim Objection, the Government Response, the United States' Proofs of Claim, the

Lakeland PRP Group Claim and all alleged liabilities asserted in any of the foregoing;

NOW, THEREFORE, in consideration of the mutual promises contained herein,

and for other good and valuable consideration receipt of which is hereby acknowledged, IT IS

HEREBY STIPULATED AND AGREED TO by and among the parties hereto, subject to

approval by the Court, as follows:

## I. Jurisdiction

1.    This Court has jurisdiction over the subject matter hereof pursuant to

28 U.S.C. §§ 157, 1331 and 1334, Article IX of the Plan and the Withdrawal Order.

## II. Binding Agreement; Successors and Assigns

2.    This Stipulation and Order applies to, is binding upon and shall inure to

the benefit of the parties hereto and their legal successors and assigns; *provided, however,* that

any such successor or assign shall receive the benefit of the covenant not to sue set forth in this

Stipulation and Order only in its capacity as a successor and/or assign and not with respect to any

liability that such party would have in its own capacity if it were not a successor or assign.

## III. Allowance of Claims

3.    The portion of the EPA Claim relating to the CDE Site shall be allowed as

a General Unsecured Claim in Class 5B under the Plan in the amount of $97,590,000, and shall

be satisfied in accordance with the terms of the Plan.  The United States shall be deemed to have

withdrawn any portion of the EPA Claim relating to the CDE Site for any amount in excess of

$97,590,000.

4.    The portion of the EPA Claim relating to the Hastings Site shall be

allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $24,290,000,

and shall be satisfied in accordance with the terms of the Plan. The United States shall be deemed to have withdrawn any portion of the EPA Claim relating to the Hastings Site for any amount in excess of $24,290,000.

        5.      The portion of the EPA Claim relating to the Lakeland Site shall be allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $205,000 (the "Allowed Lakeland Claim"), and shall be satisfied in accordance with the terms of the Plan. The United States shall be deemed to have withdrawn any portion of the EPA Claim relating to the Lakeland Site for any amount in excess of $205,000.

        6.      The portion of the EPA Claim relating to the Main Street Site shall be allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $265,000, and shall be satisfied in accordance with the terms of the Plan. The United States shall be deemed to have withdrawn any portion of the EPA Claim relating to the Main Street Site for any amount in excess of $265,000.

        7.      The portion of the EPA Claim relating to the SRSNE Site shall be allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $18,000, and shall be satisfied in accordance with the terms of the Plan. The United States shall be deemed to have withdrawn any portion of the EPA Claim relating to the SRSNE Site for any amount in excess of $18,000.

        8.      The portion of the EPA Claim relating to the Tremont Site shall be allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $13,080, and shall be satisfied in accordance with the terms of the Plan. The United States shall be deemed to have withdrawn any portion of the EPA Claim relating to the Tremont Site for any amount in excess of $13,080.

9.    The portion of the EPA Claim relating to the Muskegon Facility shall be allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $145,000 (the "Allowed Muskegon Claim"), and shall be satisfied in accordance with the terms of the Plan. The United States shall be deemed to have withdrawn any portion of the EPA Claim relating to the Muskegon Facility for any amount in excess of $145,000.

10.    The portion of the EPA Claim relating to the Bellefontaine Facility shall be allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $24,172 (the "Allowed Bellefontaine Claim"), and shall be satisfied in accordance with the terms of the Plan. The United States shall be deemed to have withdrawn any portion of the EPA Claim relating to the Bellefontaine Facility for any amount in excess of $24,172.

11.    The allowed amounts of the EPA Claim as set forth in paragraphs 3 through 10 of this Stipulation and Order shall be referred to herein collectively as the "Allowed EPA Claim."

12.    The Commerce/Interior Claim shall be allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $3,120,000 (the "Allowed Commerce/Interior Claim"), and shall be satisfied in accordance with the terms of the Plan, and the United States shall be deemed to have withdrawn the Commerce/Interior Claim for any amount in excess of $3,120,000.

13.    The Lakeland PRP Group Claim for the Lakeland Site shall be allowed as a General Unsecured Claim in Class 5B under the Plan in the amount of $205,000 (the "Allowed Lakeland PRP Claim"), and shall be satisfied in accordance with the terms of the Plan. The Lakeland PRP Group shall be deemed to have withdrawn the Lakeland PRP Group Claim for the Lakeland Site for any amount in excess of $205,000.

-7-

14.    Subject to the reservations set forth in paragraph 22 below, the allowance of the Allowed EPA Claim, the Allowed Commerce/Interior Claim and the Allowed Lakeland PRP Claim shall be in settlement and satisfaction of: (a) all claims and causes of action of the United States on behalf of EPA, Commerce and Interior with respect to any and all costs of response incurred in connection with the Sites and any other alleged liabilities in connection with the Sites that were asserted in the Proofs of Claim; (b) all claims and causes of action of the Lakeland PRP Group with respect to any and all costs of response incurred in connection with the Sites and any other alleged liabilities in connection with the Sites that were asserted in the Lakeland PRP Group Claim; and (c) to the extent set forth in paragraphs 23 through 26 below, civil penalties asserted in the Proofs of Claim with respect to the Muskegon Facility and the Bellefontaine Facility.

15.    The foregoing allowed claims shall not be subordinated to other General Unsecured Claims pursuant to any provision of the Bankruptcy Code or other applicable law that may be contended to authorize or provide for subordination of allowed claims, including sections 105 and 510 of the Bankruptcy Code.

### IV.  Claim Distributions

16.    Cash received by EPA (or net cash received by EPA on account of the monetization of non-cash distributions) with respect to the Allowed EPA Claim shall either be: (a) deposited in site-specific special accounts within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the particular Sites for which a claim has been allowed, or be transferred by EPA to the EPA Hazardous Substance Superfund; or (b) with respect to the claim for recovery of civil penalties for the Muskegon Facility and the Bellefontaine Facility, deposited in the United States Treasury.

17.    Plan distributions on account of the Allowed EPA Claim that are comprised of shares of New Dana Holdco Common Stock shall be made by delivering such shares to the United States Attorney's Office, Southern District of New York, in accordance with written instructions provided by the United States to the Debtors after execution of this Stipulation and Order. Such deliveries shall be made by Direct Registration Account Statement issued by Wells Fargo as transfer agent. Any Plan distributions on account of the Allowed EPA Claim that are comprised of cash shall be made by Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice lockbox in accordance with written instructions provided by the United States to the Debtors after execution of this Stipulation and Order. Any EFTs received at the U.S. Department of Justice lockbox after 11:00 a.m. (Eastern Time) will be credited on the next business day. Plan distributions on account of the Allowed Lakeland PRP Claim shall be made to the address set forth on the Lakeland PRP Group Claim.

18.    Only the amount of cash received by EPA (or net cash received by EPA on account of monetization of non-cash distributions) pursuant to the Plan on account of the Allowed EPA Claim for a particular Site, and not the total amount of the Allowed EPA Claim for such Site, shall be credited by EPA to its account for the respective Site, which credit shall reduce the liability of non-settling potentially responsible parties to EPA for the respective Site by the amount of the credit; *provided, however*, that the Debtors shall be deemed to have satisfied the full amount of the Allowed EPA Claim.

19.    Plan distributions on account of the Allowed Commerce/Interior Claim that are comprised of New Dana Holdco Common Stock or any cash shall be made in accordance with written instructions provided by the United States to the Debtors after execution of this Stipulation and Order. Such deliveries of New Dana Holdco Common Stock shall be made by

-9-

Direct Registration Account Statement issued by Wells Fargo as transfer agent. Only the amount of cash received by Commerce and Interior (or net cash received by Commerce and Interior on account of monetization of non-cash distributions) pursuant to the Plan on account of the Allowed Commerce/Interior Claim, and not the total amount of the allowed claim, shall be credited by Commerce and Interior to their accounts for the CDE Site, which credit shall reduce the liability of non-settling potentially responsible parties to Commerce and Interior for the CDE Site by the amount of the credit; *provided, however,* that the Debtors shall be deemed to have satisfied the full amount of the Allowed Commerce/Interior Claim.

20.    All available distributions on account of the claims allowed hereunder shall be made pursuant to the Plan at the earliest possible Periodic Distribution Date after entry of this Stipulation and Order by the Court. Any additional distributions shall be made consistent with the terms of the Plan.

## V.  Covenants Not to Sue

21.    In consideration of the distributions that will be made under the Plan on account of the claims allowed by the terms of this Stipulation and Order, and except as provided in paragraph 22 below, the United States covenants not to bring a civil action or take any administrative action against the Debtors pursuant to sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, relating to the Sites. This covenant not to sue is conditioned upon Court approval of this Stipulation and Order and complete and satisfactory performance by the Debtors of their obligations under this Stipulation and Order. This covenant not to sue extends only to the Debtors and does not extend to any other person.

22.    The covenant not to sue set forth in the previous paragraph does not pertain to any matters other than those expressly specified in the previous paragraph. The United States reserves, and this Stipulation and Order is without prejudice to, all rights against

-10-

the Debtors with respect to all other matters, and specifically with respect to: (a) any criminal liability; (b) liability for damages for injury to, destruction of or loss of natural resources with respect to any site other than the CDE Site; (c) claims based on a failure by the Debtors to meet a requirement of this Stipulation and Order; (d) liability arising from any alleged ownership or operation of the Sites, or upon the transportation, treatment, storage or disposal, or the arrangement for the transportation, treatment, storage or disposal of hazardous substances at or in connection with the Sites, after the date of signature of this Stipulation and Order by the Debtors; and (e) claims for any site other than the Sites.

23.     In consideration of the distributions that will be made under the Plan on account of the Allowed Muskegon Claim, and except as provided in paragraph 24 below, this Stipulation and Order resolves EPA's claim for civil penalties under the CWA against the Debtors at the Muskegon Facility through December 26, 2007.

24.     Except as expressly specified in paragraph 23 above, nothing in this Stipulation and Order is intended, or shall be construed, to operate in any way to resolve any other civil liability, or any criminal liability, of the Debtors under the CWA.

25.     In consideration of the distributions that will be made under the Plan on account of the Allowed Bellefontaine Claim, and except as provided in paragraph 26 below, this Stipulation and Order resolves EPA's claim for civil penalties under CERCLA against the Debtors at the Bellefontaine Facility through December 26, 2007.

26.     Except as expressly specified in paragraph 25 above, nothing in this Stipulation and Order is intended, or shall be construed, to operate in any way to resolve any other civil liability, or any criminal liability, of the Debtors under CERCLA with respect to the Bellefontaine Facility.

-11-

27.    In consideration of the distributions that will be made under the Plan on account of the Allowed Lakeland Claim and the Allowed Lakeland PRP Claim, the Lakeland PRP Group covenants not to bring a civil action against the Debtors pursuant to CERCLA or any other Federal or state statutory or common law relating to the Lakeland Site. This covenant not to sue is conditioned upon the performance by the Debtors of their obligations under this Stipulation and Order with respect to the Allowed Lakeland Claim and the Allowed Lakeland PRP Claim. This covenant not to sue extends only to the Debtors and does not extend to any other person.

28.    The Debtors covenant not to sue and agree not to assert any claims or causes of action against the United States with respect to the Sites, including but not limited to: any direct or indirect claim for reimbursement from the Hazardous Substance Superfund; any claims against the United States, its departments, agencies or instrumentalities; and any claims arising out of response actions at or in connection with the Sites. Nothing in this Stipulation and Order shall be construed to constitute preauthorization of a claim within the meaning of section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d). The covenant not to sue in this paragraph shall not apply in the event that the United States brings a cause of action or issues an order pursuant to the reservations set forth in paragraph 22(b), (d) or (e) of this Stipulation and Order, but only to the extent that the Debtors' claims arise from the same response action, response costs or damages that the United States is seeking pursuant to the applicable reservation.

## VI. Contribution Protection

29.    With regard to claims for contribution against the Debtors for "matters addressed" in this Stipulation and Order, the Debtors are entitled to such protection from

-12-

contribution actions or claims as is provided by section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2). The "matters addressed" in this Stipulation and Order are all natural resource damages with respect to the CDE Site, and all response actions taken or to be taken, and response costs incurred or to be incurred, at or in connection with the Sites by the United States or any other person, except the States of Connecticut, Indiana, Nebraska, New Jersey and Ohio. The "matters addressed" in this Stipulation and Order do not include those response costs or response actions as to which the United States has reserved its rights under this Stipulation and Order in the event the United States asserts rights against Debtors coming within the scope of such reservations.

## VII. Authority

30.     The Debtors' entry into this Stipulation and Order is permitted under the Plan and the Confirmation Order, subject to the consent of the Claims Monitor as reflected by the signature of its authorized representative set forth below.

31.     The signatories for the parties each certify that he or she is authorized to enter into the terms and conditions of this Stipulation and Order and to execute and bind legally such party to this document.

32.     Nothing in this Stipulation and Order shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Stipulation and Order.

## VIII. Lodging Order; Public Comment; Right to Withdraw; Motion for Approval and Entry of this Stipulation and Order

33.     Prior to entry of this Stipulation and Order by the Court, this Stipulation and Order shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent from this Stipulation and Order if the public comments regarding this Stipulation and Order

-13-

disclose facts or considerations that indicate that this Stipulation and Order is inappropriate, improper or inadequate. Following the close of the public comment period, if the United States does not withdraw or withhold its consent, the United States will file a motion for approval and entry of this Stipulation and Order by the Court, which will include any public comments received, as well as the United States' responses to such comments. The Debtors consent to entry of this Stipulation and Order without further notice.

34.    If this Stipulation and Order is not authorized and approved by the Court, or if the United States exercises its right to withdraw or withhold its consent under paragraph 33 above, this Stipulation and Order shall be of no force and effect, whereupon nothing herein shall be deemed an admission of any fact or waiver of any right of any party with respect to the matters contained herein.

## IX. **Miscellaneous**

35.    This Stipulation and Order represents the complete agreement between the Debtors and the United States with regard to the EPA Claim and the Commerce/Interior Claim, and supersedes all prior agreements, understandings, promises and representations made by the Debtors and the United States concerning such claims. This Stipulation and Order represents the complete agreement between the Debtors and the Lakeland PRP Group with regard to the Lakeland PRP Group Claim, and supersedes all prior agreements, understandings, promises and representations made by the Debtors and the Lakeland PRP Group concerning the Lakeland PRP Group Claim. This Stipulation and Order may not be amended, modified or supplemented, in whole or in part, without the prior written consent of the parties hereto who are affected by such amendment, modification or supplement and the entry of an approval order by the Court.

-14-

36.     Nothing herein shall modify, limit or impair the scope, nature or effect of the discharge of claims and related injunctions under section 1141 of the Bankruptcy Code, the terms of the Plan and the Confirmation Order, nor shall anything herein otherwise be deemed to modify any provision of the Plan or the Confirmation Order.

37.     Upon the entry of this Stipulation and Order, the Claim Objection and the Government Response shall be deemed resolved and withdrawn with prejudice.

38.     For the avoidance of doubt and without modifying any of the terms hereof, the Proofs of Claim and the Lakeland PRP Group Claim shall be treated consistent with the terms of this Stipulation and Order and shall be listed on the claims docket as follows:

| Claim Number | Claimant | Treatment | Plan Class | Amount |
|---|---|---|---|---|
| 13321 | United States | Allowed | 5B | $18,000.00 |
| 13322 | United States | Allowed | 5B | $24,172.00 |
| 13796 | United States | Allowed | 5B | $628,080.00 |
| 14958 | United States | Allowed | 5B | $125,000,000.00 |
| 12774 | Lakeland PRP Group | Allowed | 5B | $205,000.00 |

The United States and the Lakeland PRP Group agree not to amend any of the foregoing proofs of claim or file any additional proofs of claim in the Chapter 11 Cases with respect to the liabilities resolved by this Stipulation and Order, and the Debtors agree not to file any additional objections with respect to the liabilities resolved by this Stipulation and Order. Any proofs of claim or objections filed in violation of the preceding sentence shall be void and of no effect.

39.     This Court retains jurisdiction to enforce the terms of this Stipulation and Order.

40.    The Debtors, the Debtors' claims agent, The BMC Group, Inc., and the

Clerk of this Court and the Clerk of the Bankruptcy Court are authorized to take such actions as

are necessary and appropriate to give effect to this Stipulation and Order.

41.    This Stipulation and Order may be signed in counterparts.

*The Clerk of the Court is directed to close this motion (document no. 33 on the docket sheet) and this case.*

Dated: New York, New York
          June   16 , 2008

FOR THE UNITED STATES OF AMERICA

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:

PIERRE G. ARMAND
MATTHEW L. SCHWARTZ
DANIEL P. FILOR
JOHN D. CLOPPER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007

GRANTA Y. NAKAYAMA
Assistant Administrator
Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

[SIGNATURES CONTINUE ON NEXT PAGE]

-16-

FOR THE LAKELAND ADMINISTRATIVE
FUND

Dated: ___May 1___, 2008

William R. Schikora
Name
Dykema Gossett, PLLC
400 Renaissance Center, Detroit, MI 48243
Address

313-568-6685
Telephone Number

By:            William R. Schikora
Name of Officer (please type or print)

William R. Schikora
Signature of Officer

Attorney
Title

[SIGNATURES CONTINUE ON NEXT PAGE]

-17-

FOR THE DEBTORS

Dated: _April 29, _, 2008          DANA HOLDING CORPORATION
                                   Name

                                   4500 Dorr Street, Toledo, Ohio  43615
                                   Address

                                   _____
                                   Telephone Number

                              By:  Marc S. Levin
                                   Name of Officer (please type or print)

                                   *Marc S. Levin* (signature)
                                   Signature of Officer

                                   Vice President, General Counsel and Secretary
                                   Title

CONSENTING AS TO FORM AND SUBSTANCE:

FOR THE CLAIMS MONITOR

Dated: _____ ___, 2008         OCEAN RIDGE CAPITAL ADVISORS, LLC
                                   Name

                                   56 Harrison Street, Suite 203A, New Rochelle,
                                   New York  10801
                                   Address

                                   914-235-1075
                                   Telephone Number

                              By:  Brad Scher
                                   Name of Officer (please type or print)

                                   _____
                                   Signature of Officer

                                   Member
                                   Title

-18-

FOR THE DEBTORS

Dated: _____ ___, 2008

DANA HOLDING CORPORATION
Name

4500 Dorr Street, Toledo, Ohio 43615
Address

_____
Telephone Number

By:    Marc S. Levin
       Name of Officer (please type or print)

       _____
       Signature of Officer

       Vice President, General Counsel and Secretary
       Title

CONSENTING AS TO FORM AND SUBSTANCE:

FOR THE CLAIMS MONITOR

Dated: Apr 1 29, 2008

OCEAN RIDGE CAPITAL ADVISORS, LLC
Name

56 Harrison Street, Suite 203A, New Rochelle,
New York 10801
Address

914-235-1075
Telephone Number

By:    Brad Scher  BRADLEY E. SCHER
       Name of Officer (please type or print)

       _____
       Signature of Officer

       Member  MANAGING MEMBER
       Title

-18-

SO ORDERED THIS 12 DAY OF Sept , 2008

HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE